(35 Misc. Rep. 223.)

## BAUMANN et al. v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Trial Term, Kings County. June, 1901.)

CARRIERS—DELAY IN SHIPMENT—DAMAGES.

> Where a carrier of summer goods delivered to it on July 10th failed to deliver them in New York until August 8th, the season for a sale of which was then over, and the consignee refused to accept them, he may recover the whole value of the goods; they having become worthless from negligent exposure to moisture.

Action by Julius P. Baumann and others against the New York, New Haven & Hartford Railroad Company for nondelivery of goods. Judgment for plaintiffs.

A. H. Geismar, for plaintiffs.

Strong & Caldwalader (John F. Charlton and George Coggill, of counsel), for defendant.

RUSSELL, J.  For nondelivery of summer goods in seasonable time the defendant, as a common carrier between Boston and New York, is sued for the resulting damages.  They were delivered at Boston July 10, 1899, to be transported to plaintiffs at New York. July 12th plaintiffs' truckman called for the goods at defendant's New York wharf, but did not get them.  July 14th plaintiffs' manager, Schey, called at the wharf for the property, and was told it was not there and could not be found.  Before August 1st he went three other times, with a similar result.  Calling again August 2d, and asking for the general manager of the freight department, he interviewed some one, whose authority does not appear, but who directed a search for the goods, which was ineffective, and told Schey to send in his claim, "and we will pay the check."  The claim was sent in August 5th, but never recognized as valid.  August 8th defendant notified plaintiffs that the goods were found, and they should call for them.  Plaintiffs replied: "We don't want the goods now.  The season is over."  August 16th defendant notified plaintiffs again to take the goods.  In June, 1900, under an attempt of the parties to adjust their differences, Schey examined the goods at defendant's warehouse, and found them wet and moldy.

In deciding as to the right of recovery, it is unnecessary to review the range of the law of negligence, or the presumptions showing when conversion of personal property may be adopted to reach the ends of justice.  Here it is only essential to follow the lines of contract obligation.  A common carrier agrees to transport goods delivered to it within a reasonable time, and does not perform.  The contract broken, what are the damages?  Ordinarily the shipper may recover the difference in value at the time he receives the goods, and when they should have been obtained, with such loss as the delay occasioned.  Scovill v. Griffith, 12 N. Y. 509; Zinn v. Steamboat Co., 49 N. Y. 442, 10 Am. Rep. 402.  That rule obtains here. There are no special circumstances to divert the liability from contract to tortious obligation.  The only question to be solved is as to what period of time shall be adopted to evidence the deprecia-

tion in value. Shall it be in August, 1899, when plaintiffs could have obtained their goods, or in June, 1900, when they were found to be spoiled? There can be but one recovery for this breach, and damages may be recovered to the day of trial. Wilcox v. Plummer, 4 Pet. 172, 7 L. Ed. 821; Behrmann v. Linde, 5 N. Y. Supp. 898. The condition of the property at the later date indicates exposure to recent moisture. If, therefore, the plaintiffs were exempted from the duty of taking their goods, or the defendant had presumptively neglected its contract duty to use reasonable care to preserve them, liability arises for their full value. It is not a case of loss by fire without fault, or of gradual deterioration by the wasting power of time, but of unexplained destruction by apparently negligent exposure. Hence, even if plaintiffs should have taken the goods by again sending a truck for them after they were found, the defendant is not exonerated from responsibility in allowing their utter loss.

It may also be doubted if the letter of August 8th, saying that plaintiffs did not want the goods, as it was too late, was a complete waiver of defendant's obligation to deliver the goods in August, 1899, when they were found. The plaintiffs had been to unusual trouble and expense to send to the wharf for them, and, when the defendant found it could deliver, it was time to restore the goods without further expense to plaintiffs. In fact, some of the burden of the previous efforts of plaintiffs might be justly charged to defendant. A trial of the issue had before August 8, 1899, would have resulted in a recovery for the full value. On August 2d some one at defendant's office had recognized its liability to pay for the goods, and the promise to pay therefor, though not forceful as an obligation, for want of proof of authority to make it, was made in defendant's name by some one in apparent power to search for and deliver the goods, and this might well excuse plaintiffs from again sending for the goods instead of the pay for them. Let judgment go for the full value as proven.

Judgment accordingly.